UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

EARL EDWARD SYDNER, #B-72858, )
)
      Plaintiff, )
)
vs. )   No. 09-1135
)
WILLIE HEDEEN, )
)
      Defendant. )

## ANSWER

NOW COMES the Defendant, WILLIE HEDDEN, by and through his attorney, Lisa Madigan, Attorney General for the State of Illinois, and for his Answer states as follows:

## FACTS

16.[1]   Defendant admits that Plaintiff was housed in segregation at Western Illinois Correctional Center on August 22, 2008, and that Plaintiff stuck his right arm out of the food slot. Defendants deny the allegations in the balance of this paragraph.

17.   Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

18.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19.   Defendant admits that at some point, Plaintiff stuck his arm out of his food slot and refused to withdraw it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

20.   Defendant admits that he returned to Plaintiff's cell. Defendant denies the allegations in the balance of this paragraph.

---

[1]Plaintiff's Statement of Facts does not begin until paragraph 16.

21. Defendant admits that he guided Plaintiff's arm back through the food slot. Defendant denies the allegations in the balance of this paragraph.

22. Defendant denies the allegations in this paragraph.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. Defendant admits that on August 22, 2008, Plaintiff plugged up his toilet and flooded his cell and the gallery, and that Defendant turned the water off in the cell while the mess was being cleaned up. Defendant denies the allegations in the balance of this paragraph.

25. Defendant denies that he ignored Plaintiff's request for medical attention. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29. Defendant denies assaulting Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding what "numerous correctional officers" told him. Defendant admits that the protocol generally is to notify a sergeant or lieutenant when an inmate refuses to close his food slot and to not restrain the inmate.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32. Defendant admits that Plaintiff was seen by the doctor on August 25, 2008. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

33. Defendant admits that Plaintiff submitted a written statement and requested Inmates Bobiek and Cook as witnesses on his ticket for disobeying an order and insolence. Defendants deny that Plaintiff did so on the ticket charging him with staff assault. Defendant denies that he assaulted Plaintiff.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37. Defendant admits that Plaintiff was transferred to Pontiac Correctional Center on September 3, 2008. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of this paragraph.

38. Defendant admits that Plaintiff drafted a grievance dated September 17, 2008, in which he alleged that he had been assaulted by staff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as to when Plaintiff wrote it or when he filed it.

39. Defendant admits that on March 8, 2009, the ARB sent Plaintiff a response regarding a grievance alleging that Defendant Hedden assaulted him. Defendant admits that the ARB determined that the issue could be addressed without a formal hearing and that his appeal was denied. Defendant denies the allegations in the balance of this paragraph.

40. Defendant restates his answers to paragraph 16-39 as his answer to this paragraph.

41. Defendant denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested.

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted herein.

## JURY DEMAND

Defendants demand a trial by jury on all issues herein triable.

## AFFIRMATIVE DEFENSES

1. At all times relevant herein, defendants acted in good faith in the performance of their official duties and without violating plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

3.       To the extent that the Plaintiff seeks mental or emotional damages and his claims fail to make the prerequisite showing of a physical injury 42 U.S.C. 1997e(e) bars the Plaintiff from receiving such damages.

      Respectfully submitted,

      WILLIE HEDDEN,

        Defendant,

      LISA MADIGAN, Attorney General,
      State of Illinois,

      By:  s/Heidi Hildebrand
          Heidi Hildebrand, #6270905
          Assistant Attorney General
          Attorney for Defendants
          500 South Second Street
          Springfield, Illinois  62706
          Phone:  (217) 557-0261
          Fax:  (217) 524-5091
          hhildebrand@atg.state.il.us

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EARL EDWARD SYDNER, #B-72858, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WILLIE HEDEEN, )<br>)<br>Defendant. ) | No. 09-1135 |

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2009, I electronically filed Defendant's Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on July 6, 2009, I mailed by United States Postal Service, the document to the following non-registered participant:

Earl Edward Sydner, Jr., #B-72858
Pontiac Correctional Center
700 W. Lincoln
P.O. Box 99
Pontiac, Illinois 61764

Respectfully submitted,

By:  s/Heidi Hildebrand
    Heidi Hildebrand, #6270905
    Assistant Attorney General
    Attorney for Defendants
    500 South Second Street
    Springfield, Illinois  62706
    Phone:  (217) 557-0261
    Fax:  (217) 524-5091
    hhildebrand@atg.state.il.us